# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.

**RAFAEL STOCKI**,

    Plaintiff,

v.

**LAW OFFICE OF CARLOS A. TRIAY, PA**, *and* **COBBLESTONE AT PEMBROKE HOMEOWNERS ASSOCIATION, INC**.,

    Defendants.

_____/

## COMPLAINT

Plaintiff Rafael Stocki ("Plaintiff") sues Defendant Law Office of Carlos A. Triay, PA, and Defendant Cobblestone at Pembroke Homeowners Association, Inc. (collectively, the "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

## PARTIES

4. Plaintiff is natural persons, and citizens of the State of Florida, residing in Broward County, Florida.

5. Defendant Law Office of Carlos A. Triay, PA ("Defendant-DC") is Florida professional association, with its principal place of business located in Doral, Florida.

6. At all times material, Defendant-DC was acting as a debt collector in respect to the collection of Plaintiff's debts.

7. Defendant Cobblestone at Pembroke Homeowners Association, Inc. ("Defendant-Creditor") is Florida corporation, with its principal place of business located in Pembroke Pines, Florida.

8. At all times material, Defendant-Creditor was the creditor of the debt(s) Defendant-DC sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

9. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

10. On a date better known by Defendants, Defendant-Creditor referred the collection of a debt (the Consumer Debt") to Defendant-DC for collection.

11. On a date better known by Defendant-DC, Defendant-DC began attempting to collect the Consumer Debt from Plaintiff.

12. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Defendant-Creditor and Plaintiff for the maintenance, upkeep, and other perpetual services, of Plaintiff's residence, located at 620 SW 147 Terrace, Pembroke Pines, Florida 33027, located within Cobblestone at Pembroke community (collectively, the "Subject Service").

13. The Subject Service was primarily for personal, family, or household purposes.

14. Plaintiff is the alleged debtor of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

16. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

17. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. Defendant-DC is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

19. Only natural persons can be members of the Florida Bar.

20. Defendant-DC is not a member of the Florida Bar.

21. Defendant-DC does not maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.

22. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are not current to within one week of the current date.

23. For example, Defendant-DC does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

24. Further, Defendant-DC does not have written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

25. Defendant-DC cannot lawfully collect consumer debts from Florida consumers because Defendant-DC failed to obtain, and thereafter maintain, a valid Consumer Collection Agency license with the Florida Department of State

PAGE | **3** of **16**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

26. Defendant-DC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

27. Defendant-DC is a "person" within the meaning of Fla. Stat. § 559.72.

28. Defendant-Creditor is a "person" within the meaning of Fla. Stat. § 559.72.

29. On a date better known by Defendant-DC, Defendant-DC sent Plaintiff a letter, internally dated September 03, 2021, (the "Collection Letter") in an attempt to collect the Consumer Debt. Attached as Exhibit "A" is a copy of the Collection Letter.

30. The Collection Letter represents Defendant-DC's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

31. Defendant-DC is required to include in the Collection Letter a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector (collectively, the "1692g(a)(3) Disclosure").

32. Defendant-DC failed to include in the Collection Letter the 1692g(a)(3) Disclosure.

33. The Collection Letter is a communication from Defendant-DC to Plaintiff in an attempt to collect a debt.

34. In the Collection Letter, Defendant-DC falsely represents the amount of the Consumer Debt as being $3,336.63.

35. In the Collection Letter, Defendant-DC falsely represents that it (Defendant-DC) is lawfully entitled to collect "Attorney's fees" from Plaintiff as part of the Consumer Debt.

36. Defendant-DC does not have any statutory or contractual right to collect, or attempt to collect, attorneys' fees as part of the Consumer Debt.

37. Subsequent to receiving the Collection Letter, Plaintiff and Defendant-DC corresponded by phone in connection with the collection of the Consumer Debt (the "Collection Calls").

38. During the Collection Calls, Defendant-DC was required to disclose to Plaintiff that Defendant-DC was a debt collector.

39. Defendant-DC failed to disclose to Plaintiff that Defendant-DC was a debt collector during the Collection Calls.

40. During the Collection Calls, Defendant-DC was required to disclose to Plaintiff that the Collection Calls were an attempt to collect a debt.

41. Defendant-DC failed to disclose to Plaintiff that the Collection Calls were an attempt to collect a debt.

42. During the Collection Calls, Defendant-DC was required to disclose to Plaintiff that any information obtained would be used for debt collection purposes.

43. Defendant-DC failed to disclose to Plaintiff that any information obtained from Plaintiff during the Collection Calls would be used for debt collection purposes.

44. Defendant-DC did not exercise any professional judgment, as an attorney, before sending the Collection Letter to Plaintiff.

45. Defendant-DC did not conduct a meaningful review of Plaintiff's file prior to sending the Collection Letter to Plaintiff.

46. Defendant-DC did not send the Collection Letter to Plaintiff in Defendant-DC's capacity as an attorney.

47. Defendant-DC sent the Collection Letter to Plaintiff in Defendant-DC's capacity as a debt collector.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1), § 1692e, § 1692e(2)(A), & § 1692e(10)**
(against Defendant-DC)

48. Plaintiff incorporates ¶¶ 10-47 of this Complaint as though fully stated herein.

49. Defendant-DC violated § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(10) of the FDCPA by and through the Collection Letter it sent to Plaintiff in an attempt to collect the Consumer Debt. Here, the Collection Letter fails to adequately inform the least sophisticated consumer of the true amount owed to the current creditor, falsely represents the character and/or amount of the debt, and utilizes false representations and/or deceptive means in collecting and/or attempting to collect the consumer debt from Plaintiffs. In short, Defendant-DC failed to provide an explicit disclosure of accrued and accruing interest for which the current creditor can recover.

50. Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "the amount of the debt." Similarly, §1692e of the FDCPA generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

51. In particular, §1692e(2)(A) and §1692e(10) explicitly prohibit "[t]he false representation of the character, amount, or legal status of any debt" and " use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," respectively. 15 U.S.C. §§ 1692e(2)(A) and (10).

52. Here, the Consumer Debt is the sum of the principal portion of the original debt and, *inter alia*, the interest and fees which may be added to said principal pursuant to underlying agreement. Critically, however, the amount that the current creditor is entitled to recover from Plaintiffs goes much further.

PAGE | **6** of **16**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

53. Defendant-DC failed to provide an explicit disclosure of accrued and accruing interest and fees which the current creditor can recover, and as a result, the least sophisticated consumer can be misled or confused as to the amount of the owed. For example, the least sophisticated consumer may erroneously believe that he or she can fully satisfy the underlying debt by mailing the current creditor the full amount listed in the collection letter Defendant-DC mailed to the consumer *regardless* of how much time has lapsed. Here, the Consumer Debt, pursuant to the agreement underlying the Consumer Debt, continues to accrue fees and interest, of which is compounded on a daily basis.

54. The necessity of information which Defendant-DC omitted from the Collection Letter was an issue Judge Kathleen M. Williams addressed in Anselmi v. Shendell & Associates, P.A., stating, in relevant part:

> The Seventh Circuit has offered some guidance regarding a debt collector's obligations under 15 U.S.C. §1692g(a). *See* Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000). With regard to specifying the amount of the debt owed, the Seventh Circuit has held that the following statement would satisfy the debt collector's duty to state the amount of the debt where the amount may vary day to day: *As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number]. See* Id. at 876. Although a debt collector need not use this exact language, using the aforementioned or similar language will preclude a debt collector from being accused of violating §1692g(a). Id.

2014 WL 5471111 at *3 (S.D. Fla. 2014) (emphasis added).

55. Yet, despite Judge Kathleen M. Williams' clear articulation of safe-harbor language capable of insulating Defendant-DC from liability, Defendant-DC *still* chose to wrongfully

PAGE | **7** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

conceal necessary and pivotal information from the least sophisticated consumer. For example, in the Collection Letter, Defendant-DC did not inform the least sophisticated consumer that the underlying debt was accruing interest; Defendant-DC did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single sum; Defendant-DC did not state whether the underlying debt was subject to the accrual of interest or other charges; Defendant-DC did not state whether the consumer debt had accrued interest or other charges; Defendant-DC did not state the amount of interest and other charges that had accrued on the principal portion of the underlying debt; Defendant-DC did not state how or when the purported amount owed by the consumer had been calculated; and Defendant-DC failed to advise of the *added* prejudgment interest which the current creditor could *also* recover from the consumer upon securing a judgment against the consumer.

56.     Thus, in light of the forgoing, Defendant-DC violated § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(10) of the FDCPA by failing inform the least sophisticated consumer of the interest, charges, and/or fees which the underlying debt *was and is* subject.

57.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF 15 U.S.C. § 1692e(3)
(against Defendant-DC)

58.     Plaintiff incorporates ¶¶ 10-47 of this Complaint as though fully stated herein.

59.     Defendant-DC violated §1692e(3) of the FDCPA by utilizing, *including but not limited to*, Defendant-DC's attorney letterhead despite having made no meaningful review of the

PAGE | **8** of **16**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

file and/or sufficient professional judgment in dispatching the Collection Letter to Plaintiff. *See* Boyd v. Wexler, 275 F.3d 642, 647 (7th Cir. 2001) (finding that although the collection attorney's affidavit stated that he reviewed every file before a [collection letter] was sent, the mere volume of that undertaking (tens of thousands in some weeks, hundreds of thousands of dunning letters a year) was sufficient to permit a reasonable jury to conclude that "the Defendant-DC violated the FDCPA by rubber stamping his clients' demands for payment, thus misrepresenting to the recipients of his dunning letters that a lawyer had made a minimally responsible determination that there was probable cause to believe that the recipient actually owed the amount claimed by the creditor."). As such, by and through the Collection Letter, Defendant-DC violated § 1692e(3) of the FDCPA.

60. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### VIOLATION OF FLA. STAT. § 559.72(11)
(against Defendants)

61. Plaintiff incorporates ¶¶ 10-47 of this Complaint as though fully stated herein.

62. Defendant-DC violated Fla. Stat. § 559.72(11) communicating with Plaintiff under the guise of an attorney by utilizing the stationery of an attorney, *to wit*, the Collection Letter, in an attempt to deceptively collect the Consumer Debt from Plaintiff.

63. For example, Defendant-DC, by and through the Collection Letter, wrongfully causes the least sophisticated consumer to believe meaningful and adequate scrutiny of the consumer's file occurred before the Collection Letter was mailed. Here, among other things,

PAGE | **9** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Defendant-DC's attorney letterhead, causes the least sophisticated consumer to wrongfully believe that he or she received a letter from an attorney. As mentioned above, however, Defendant-DC did not exercise any professional judgment, as an attorney, or conduct any meaningful review of Plaintiff's file, as an attorney, prior to mailing the Collection Letter. Simply put, the Collection Letter was mailed to Plaintiff by Defendant-DC in Defendant-DC's capacity as a debt collector – not an attorney. As such, by and though the Collection Letter, Defendant-DC violated § 559.72(11) of the FCCPA.

64. At minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

65. Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

66. As such, the above-mentioned violation of § 559.72(11) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

67. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by Fla. Stat. § 559.77(2); **[2]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[3]** Any other relief that this Court deems appropriate under the circumstances.

PAGE | **10** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 4
## VIOLATION OF 15 U.S.C. § 1692e(11)

68. Plaintiff incorporates ¶¶ 10-47 of this Complaint as though fully stated herein.

69. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]*he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector….*" *See* 15 U.S.C. § 1692e(11) (emphasis added).

70. As stated above, Defendant-DC failed to disclose to Plaintiff during the Collection Calls that Defendant-DC was a debt collector, that the Collection Calls were an attempt to collect a debt, and/or that any information obtained from Plaintiff during the Collection Calls would be used for debt collection purposes. left the Voice Message on Plaintiff's cellphone in an attempt to collect the Consumer Debt.

71. Accordingly, Defendant-DC violated § 1692e(11) of the FDCPA in two ways: (1) by failing to state that it (Defendant) was a debt collector during the Collection Calls; and (2) by failing to state in the Collection Calls that it (the Collection Calls) were a communication from a debt collector.

72. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate under the circumstances.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 5**
**VIOLATION OF 15 U.S.C. §§ 1692e and 1692g(a)**
(against Defendant-DC)

73.     Plaintiffs incorporates ¶¶ 10-47 of this Complaint as though fully stated herein.

74.     As stated above, Defendant-DC was required to provide Plaintiff with the 1692g(a)(3) Disclosure as part of, an/or otherwise within, the Collection Letter; however, at no point in time did Defendant-DC adequately disclose or otherwise provide to Plaintiff with the disclosure required by 15 U.S.C. § 1692g(a)(3).

75.     As such, by sending the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, whereby the Collection Letter did not contain the 1692g(a)(3) Disclosure, Defendant violated § 1692e and § 1692g(a) of the FDCPA.

76.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 6**
**VIOLATION OF 15 U.S.C. § 1692e(2)(B)**
(against Defendant-DC)

77.     Plaintiffs incorporates ¶¶ 10-47 of this Complaint as though fully stated herein.

78.     The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]*he false representation of ... any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. See* 15 U.S.C. § 1692e(2)(B) (emphasis added).

PAGE | **12** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

79. Defendant-DC, by and through the Collection Letter, violated § 1692e(2)(B) of the FDCPA by falsely representing that Defendant-DC was lawfully entitled to collect attorney's fees from Plaintiff as part of the Consumer Debt.

80. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**VIOLATION OF 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), & § 1692e(10)**
(against Defendant-DC)

81. Plaintiff incorporates ¶¶ 10-47 of this Complaint as though fully stated herein.

82. Defendant-DC is liable to Plaintiff for attempting to collect the Consumer Debt from Plaintiff without possessing a valid consumer collection agency license in accordance with Florida law. Fla. Stat. § 559.553.

83. Fla. Stat. § 559.553(1) provides that "[a] person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, **and thereafter maintaining a valid registration**." (emphasis added).

84. To maintain validation registration, Fla. Stat. § 559.5556(1) provides that "[e]ach registered consumer collection agency shall maintain, at the principal place of business designated on the registration, all books, accounts, records, and documents necessary to determine the registrant's compliance with this part."

85. Even further, Fla. Stat. § 559.5556(3) provides that "[t]he commission may prescribe by rule the minimum information to be shown in the books, accounts, records, and

PAGE | **13** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

documents of registrants so that such records enable the office to determine the registrant's compliance with this part."

86. To these ends, effective as of November 25, 2011, and pursuant to the "Rulemaking Authority" of Fla. Stat. 559.556, Florida Administrative Code Rule 69V-180.080, titled "**Consumer Collection Agency Records**," provides that "[a] registrant shall, *at a minimum*, maintain all records specified in [Rule 69V-180.080], [and that] [r]ecords shall be kept current to within one week of the current date."

87. With respect to the *minimum* records specified by Rule 69V-180.080, the likes of which are required to "be kept current to within one week of the current date," Rule 69V-180.080 provides an explicit list of records that "shall be maintained," of which include:

(a)   "A copy of the contract or agreement that the registrant will use with its creditors." Rule 69V-180.080(1).

(b)   "The debtor's account of activity disclosing … [t]he actual amount of the claim submitted by the creditor … [a] record of payments made by the debtor, including the date received and the amount and balance owing …[and] [a] record of outbound contacts or attempted contacts by the registrant with the debtor including … [t]he name of the person (or alias name of the person) making or attempting to make contact." See Rule 69V-180.080(3).

(c)   "All form letters and stationery used by a registrant shall be maintained in a file and made available at all times for review by the Office of Financial Regulation." See Rule 69V-180.080(6).

(d)   "The name of the financial institution or institutions where the registrant's accounts will be maintained, and the identifying numbers assigned by the financial institutions to the accounts." See Rule 69V-180.080(7).

(e)   "Basic information about the debt including, at the minimum, [d]ocumentation of the debt provided by the creditor, [t]he date the debt was incurred and the date of the last payment, [t]he identity of the original creditor as known to the debtors, [t]he amount of the debt at the time of charge-off or at the time of receipt of the debt by the registrant for purposes of collection and an itemization of all interest, fees, or charges added to it by the registrant, [and] [i]f the debt collector is a debt buyer or is an assignee

PAGE | **14** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

holding title to the debt, the debt buyer's or assignee's bill of sale or other written document executed by the debt buyer or assignee that contains when and from whom the debt was acquired. *See* Rule 69V-180.080(9).

(f) "A copy of all letters, emails, and correspondence, written or electronically sent to a debtor." *See* Rule 69V-180.080(10).

(g) "All phone numbers used by a registrant shall be disclosed and maintained in a file and made available at all times for review by the Office of Financial Regulation." *See* Rule 69V-180.080(11).

88. Further, effective as of November 25, 2011, and pursuant to the "Rulemaking Authority" of Fla. Stat. 559.556, Florida Administrative Code Rule 69V-180.090, titled "**Consumer Collection Agency Records Retention and Destruction**," provides that "[a]ll books, accounts, records, documents, and receipts must be maintained for at least 3 years from the date the consumer satisfied the debt being collected or the registrant has ceased collection efforts from the consumer [and] [a] registrant must have written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer." *See* Rule 69V-180.090(1) & (2).

89. Here, Defendant-DC attempted to collect the Consumer Debt from Plaintiff by and through the Collection Letter, and in so doing, Defendant-DC engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant-DC did no possess or otherwise maintain a valid consumer collection agency with the Florida Department of State as required by Fla. Stat. § 559.553.

90. Defendant-DC's failure to maintain a valid consumer debt collection license, as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida violates 15 U.S.C. § 1692e & e(10) because attempting to collect a debt while not possessing a valid license as required by Florida law is a false, deceptive, and misleading practice.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

91. Defendant-DC's failure to maintain a valid consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not lawfully licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

92. Defendant-DC's failure to maintain a valid consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect consumer debts – such as the Consumer Debt – is a violation of 15 U.S.C. § 1692e(5) because the Collection Letter is a threat to take action that cannot legally be taken. For example, the Collection Letter causes the least sophisticated consumer to believe that Defendant-DC may lawfully collect *or even attempt to collect* the Consumer Debt when, in reality, Defendant-DC had no such authority or lawful ability.

93. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate under the circumstances.

Dated: December 8, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136

*COUNSEL FOR PLAINTIFF*

PAGE | **16** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com