UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 21-CV-62473-RAR

RAFAEL STOCKI,

Plaintiff,

v.

LAW OFFICE OF CARLOS A. TRIAY, PA, and
COBBLESTONE AT PEMBROKE HOMEOWNERS
ASSOCIATION, INC.

Defendants.
_____/

## DEFENDANTS LAW OFFICE OF CARLOS A. TRIAY, PA, and COBBLESTONE AT PEMBROKE HOMEOWNERS ASSOCIATION, INC. MOTION TO DISMISS

**COMES NOW** Defendants, Law Office of Carlos A. Triay, P.A., and Cobblestone at Pembroke Homeowners Association, Inc. (hereinafter collectively referred to as "Defendants"), and hereby move this Court to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in support thereof, states as follows:

### INTRODUCTION

This action arises from the failure of Plaintiff, a resident of Cobblestone at Pembroke Homeowners Association, Inc., to pay his required maintenance/assessments to the Homeowners Association (hereinafter referred to as HOA). Under the HOA's By-Laws and Declaration, residents/members of the HOA have an obligation to pay their monthly maintenance and assessments to the HOA. Should they fail to do so, under Florida Law, the HOA has a right to assess late fees and interest.

1

Following Plaintiff's failure to pay the assessment and fees, the HOA sought its attorney, Carlos A. Triay, to send the requisite Notice of Intent to Record A Claim of Lien (hereinafter "the Notice"). Plaintiff now brings an utterly meritless lawsuit alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

Plaintiff fails to state various claims for relief under these statutes for numerous reasons. First, most of the statutory provisions alleged to be violated have been complied with and therefore Plaintiff cannot bring a claim. Second, several provisions do not apply to these Defendants. Finally, Plaintiff asserts multiple conclusory and contradictory statements which are improper and consequently fails to state a claim.

## **LEGAL STANDARD**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Great Am. Assurance Co. v. Sanchuk, LLC*, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## ARGUMENT

### A. COUNT 1 MUST BE DISMISSED BECAUSE IT IS BASED ON ALLEGATIONS WHICH ARE CONTRADICTED BY THE ATTACHED LETTER[1].

Plaintiff first brings Count 1 asserting violations of 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A), and 1692e(10). Count 1 alleges that Defendant Triay P.A, "failed to provide an explicit disclosure of accrued and accruing interest and fees which the current creditor can recover…" (Complaint, ¶53). More specifically, Plaintiff alleges the Defendant "did not inform the least sophisticated consumer that the underlying debt was accruing interest….did not provide a breakdown of the accrued interest or other fees and instead misled the least sophisticated consumer by stating the amount owed as a single sum; Defendant-DC did not state whether the underlying debt was subject to the accrual of interest or other charges; Defendant-DC did not state whether the consumer debt had accrued interest or other charges; Defendant-DC did not state the

---

[1] Plaintiff failed to attached the entirety of the September 3, 2021 Notice of Commencement to Record a Lien which included the Notice of Compliance with the Fair Debt Collection Act.

3

amount of interest and other charges that had accrued on the principal portion of the underlying debt; Defendant-DC did not state how or when the purported amount owed by the consumer had been calculated; and Defendant-DC failed to advise of the added prejudgment interest which the current creditor could also recover from the consumer upon securing a judgment against the consumer." (Complaint, ¶55)

Put simply, this is a meritless claim because all of the purported violations described do not exist based on a mere cursory glance at the Notice attached to the Complaint, which clearly delineates the amount owed, the amount and percentage of interest, as well as the rate at which interest accrues.[2]

## B. **COUNT 2 MUST BE DISMISSED BECAUSE IT DOES NOT SUFFICIENTLY ALLEGE FACTS AND IS BASED MERELY ON CONCLUSORY STATEMENTS.**

Next, Plaintiff alleges that Defendant Triay P.A. violated §1692e(3) by utilizing "Defendant-DC's *including but not limited to*, Defendant-DC's attorney letterhead despite having made no meaningful review of the file and/or sufficient professional judgment in dispatching the Collection Letter to Plaintiff." (Complaint, ¶59)(*emphasis in original*).

This claim must be dismissed for two reasons: First, the allegation itself is entirely based on a conclusory statement that Defendant "made no meaningful review of the file" and consequently Plaintiff fails to state a claim. Second, the plain reading of §1692e(3) states a violation only occurs upon the "*false* representation or implication that any individual is an attorney or that any communication is from an attorney." Defendant Triay P.A. cannot make such a false statement because Carlos A. Triay *is* an attorney. What makes this allegation even more meritless is that

---

[2] The crux of Plaintiff's argument relies on the premise that the interest is accrued at a daily rate. However, it is clear by reading the Notice, that interest is accrued *per annum*.

Plaintiff himself acknowledges that Triay is an attorney. (Complaint, ¶44). Consequently, Plaintiff fails to state a claim for violation of §1692e(3) and Count 2 must be dismissed with prejudice.

### C. COUNT 3 MUST BE DISMISSED BECAUSE THE DEFENDANT IS AN ATTORNEY AND THEREFORE NO VIOLATION OCCURRED.

Next, Plaintiff asserts claims against both Triay, P.A. and the HOA Defendant asserting that Defendant Triay, P.A. communicated with Plaintiff "under the guise of an attorney by utilizing the stationery of an attorney" and as a result violated Fla. Stat. §559.72(11).

Fla. Stat. §559.72(11) prohibits any person from communicating with a debtor "under the guise of an attorney by using the stationery of an attorney or forms or instruments that only attorneys are authorized to prepare."

As with the previous Count, Plaintiff's claim is without merit because the allegations are conclusory, and further Defendant Triay P.A., is an attorney which even Plaintiff acknowledges. As a result, Plaintiff fails to state a claim for violation of Fla. Stat. §559.72(11) and Count 3 must be dismissed with prejudice.

### D. COUNT 4 MUST BE DISMISSED BECAUSE THE COLLECTION CALLS WERE NOT THE INITIAL COMMUNICATION.

Next, Plaintiff asserts the violation of 15 U.S.C. §1692e(11). Under that statute, it is a violation of a debt collector "to disclose in the *initial* written communication with the consumer and, in addition, if the *initial* communication with the consumer is oral, in that *initial* oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C.A. § 1692e(11)(*emphasis added*).

Plaintiff fails to state a claim because the "Collection Calls" were made after receipt of the Notice. Plaintiff himself states: "***Subsequent to receiving the Collection Letter***, Plaintiff and Defendant-DC corresponded by phone in connection with the collection of the Consumer Debt." (Complaint, ¶37)(*emphasis added*). The basis of a claim under §1692e(11) requires that the communication constituting the violation be the *initial* communication. Additionally, to the extent that Plaintiff relies on the "subsequent" provision, the allegation from Plaintiff are mere legal conclusions.[3] Count 4 must be dismissed.

E. **COUNT 5 MUST BE DISMISSED BECAUSE THE DISCLOSURE WAS INCLUDED IN THE LETTER ATTACHED.**

Count 5 alleges a violation under 15 U.S.C. §1692g(a). Plaintiffs alleges that Defendant Triay P.A. was required to provide Plaintiff with a 1692g(a)(3) Disclosure as part of the Collection Letter. (Complaint, ¶74). §1692(a)(3) requires a debt collector send the consumer a written notice containing a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C.A. § 1692g(a)(3).

Plaintiff's claim here is without merit. First, the portion of the Notice attached by Plaintiff does indeed contain the Disclosure required by §1692g. Second, Plaintiff failed to attach the full letter sent by Defendant which further contained the language and notice required by §1692g, and such letter is attached to the present motion as Exhibit A. *See Roman v. Spirit Airlines, Inc.*, 482 F. Supp. 3d 1304, 1312 (S.D. Fla. 2020), aff'd, No. 20-13699, 2021 WL 4317318 (11th Cir. Sept. 23, 2021)(noting that a district court may consider extrinsic materials on a motion to dismiss if it is

---

[3] Notably, Plaintiff does not even allege when these purported Collection Calls took place or even the content of the calls which would put them within the ambit of §1692e.

referred to by plaintiff, the document is central to his claim, the contents are not in dispute, and the defendant attaches the document to its motion to dismiss).

Consequently, Plaintiff fails to state a claim and Count 5 must be dismissed with prejudice.

F. **COUNT 6 MUST BE DISMISSED BECAUSE THE DEFENDANT IS LAWFULLY ENTITLED TO COLLECT ATTORNEY'S FEES AS PART OF FAILURE TO PAY THE DEBT.**

Next, Plaintiff asserts a claim under § 1692e(2)(B) by alleging that Defendant falsely represented that it was lawfully entitled to collect attorney's fees from Plaintiff as part of the Consumer Debt. (Complaint, ¶79). §1692e(2)(B) prohibits the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."

Plaintiff's claim is without merit as Defendant is lawfully entitled to collect attorney's fees. Not only does the HOA's bylaws permit the collection of attorney's fees for the collection of assessments and late fees, but such attorney's fees are also permissible under Fla. Stat. §720.3085 which addresses the payment for assessments and the filing of a claim of liens.  Thus, Plaintiff fails to state a claim and Count 6 must be dismissed.

G. **COUNT 7 MUST BE DISMISSED BECAUSE THE STATUTE DOES NOT APPLY TO THIS DEFENDANT.**

Finally, Plaintiff asserts various violations based upon the premise that Defendant did not possess "a valid consumer collection agency license in accordance with Florida law. Fla. Stat. § 559.553." (Complaint, ¶82).

What Plaintiff neglects to note is that Fla. Stat. § 559.553 clearly states that a member of the Florida Bar is exempted from the requirements under this statute. Fla. Stat. § 559.553(3)(b).

Defendant is a member of the Florida Bar.[4] Consequently, Defendant is not a registrant, nor is it required for Defendant to be a registrant, and thus there is no violation of § 1692e, e(5), and e(10). Plaintiff fails to state a claim under Count 7 and it must be dismissed with prejudice.

**WHEREFORE,** Defendants, respectfully, requests this Court to enter an order dismissing the Plaintiff's Complaint with prejudice, costs and attorneys' fees pursuant to 15 U.S.C. 1692k and Rule 11, and for such other and further relief that this Court deems appropriate under the circumstances.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via the Court's CM/ECF system, and on the unrepresented defendants by U.S. Mail.

KAREN B. PARKER, P.A.
Attorneys for Defendants
Datran One, Suite 514
9100 South Dadeland Blvd.
Miami, Florida  33156
Tel.: (305) 400-9149
 /s
KAREN PARKER, ESQ.
FBN: 54482
kparker@kbparkerlaw.com
fmartinez@kbparkerlaw.com

---

[4] Plaintiff attempts to bypass this by making the conclusory and false allegation that "Defendant-DC is not a member of the Florida Bar." Carlos A. Triay, the signatory of the notice letter, is a member of the Florida Bar in good standing. (*See* https://www.floridabar.org/directories/find-mbr/profile/?num=373966). This Court may take judicial notice of this public record on a motion to dismiss without converting the motion into one for summary judgment. *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *SFM Holdings. Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)

THE LAW OFFICE OF
## CARLOS A. TRIAY, P.A.

PLEADINGS ONLY:
POST OFFICE BOX 227010
MIAMI, FLORIDA 33122

PLEASE REPLY TO:
2301 N.W. 87TH AVENUE
SUITE 501
DORAL, FLORIDA 33172

TEL (305) 597-8944
FAX (305) 597-8995

September 3, 2021

Catherine Ann Ickis
Rafael Andres Stocki
620 SW 147 Terrace
Pembroke Pines FL 33027

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7019 0140 0000 4081 5132
(copy via regular mail)

RE: **NOTICE OF INTENT TO RECORD A CLAIM OF LIEN**
Cobblestone at Pembroke Homeowners Association, Inc.
LEGAL DESCRIPTION:   See attached Exhibit "A"

UNIT ADDRESS:   620 SW 147 Terrace
                Pembroke Pines FL 33027
UNIT OWNER:     Rafael Andres Stocki & Catherine Ann Ickis
ACCOUNT NO.:    3236-003901
AMOUNT DUE:     $3,336.63      THROUGH: 10/17/2021

Please be advised that the undersigned represents:

Cobblestone at Pembroke Homeowners Association, Inc.

The following amounts are currently due on your account to the above Association, and must be paid within FORTY-FIVE (45) days after your receipt of this letter.

This letter shall serve as the Association's notice of intent to record a Claim of Lien against your property no sooner than FORTY-FIVE (45) days following the date this notice is deposited in the mail unless you pay in full the amounts set forth below:

| Description: | Amount | Months | Total |
|---|---|---|---|
| Maintenance from 2/2021 through 10/2021 | $ 285.00 | 9 | $ 2,565.00 |
| Late Fees | $ 25.00 | 5 | $ 125.00 |
| Past Due Notice | $ 5.00 | 3 | $ 15.00 |
| Interest through 8/2019 | | | $ 149.63 |
| Attorney's fees (this amount is solely dependent upon no further action being taken) | | | $ 475.00 |
| Certified mail fee | $ 7.00 | 1 | $ 7.00 |
| TOTAL | | | $ 3,336.63 |

*Interest accrues at the rate of eighteen (18) percent per annum.

7019 0140 0000 4081 5132

1 of 2

THE LAW OFFICE OF
CARLOS A. TRIAY, P.A.

PLEADINGS ONLY:
POST OFFICE BOX 227010
MIAMI, FLORIDA 33122

PLEASE REPLY TO:
2301 N.W. 87TH AVENUE
SUITE 501
DORAL, FLORIDA 33172

TEL (305) 597-8944
FAX (305) 597-8995

September 3, 2021
Page 2 of 2

IF YOU FAIL TO PAY IN "FULL", WITHIN FORTY-FIVE (45) DAYS FOLLOWING THE DATE THIS NOTICE IS DEPOSITED IN THE MAIL, the above mentioned amounts, plus all interest, late charges, attorney's fees, fines, special assessments and regular assessments accruing from the date of this letter, the Association shall have no alternative but to file a CLAIM OF LIEN against your unit. All costs including interest and attorney's fees incurred recovering your past due account will be paid by you. If your unit is liened, there will be additional attorney's fees and costs added to the outstanding balance. Additionally, if the account including maintenance fees, attorney's fees and interest is not paid in full within FORTY-FIVE (45) days from the date of the lien being filed, foreclosure proceedings will be instituted.

Kindly send your payment to the above letterhead address in the form of a cashier's check or money order payable to Carlos A. Triay, P.A., Trust Account. Any partial payments will be first applied to interest, then to late fees, then to costs and attorney's fees, and last to the delinquent assessments, pursuant to F.S. 720.3085(3)(b).

GOVERN YOURSELF ACCORDINGLY

IF YOU HAVE FILED A BANKRUPTCY, IT IS IMPORTANT THAT YOU PROVIDE THE UNDERSIGNED A COPY OF THE DOCUMENTS RELATED TO YOUR BANKRUPTCY.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. If you notify this office in writing within the thirty day period that the amounts due or any portion thereof is disputed, this office will obtain verification of the amount due and verification will be mailed to you by this office.

Very truly yours,

Carlos A. Triay

2 of 2

EXHIBIT 'A'

RE:

    ASSOCIATION:   Cobblestone at Pembroke Homeowners Association, Inc.

    UNIT ADDRESS:  620 SW 147 Terrace
                              Pembroke Pines FL 33027

    ACCOUNT NO.:   3236-003901

    UNIT OWNER:    Rafael Andres Stocki & Catherine Ann Ickis

BUILDING 39 UNIT 1, "COBBLESTONE", according to the Declaration recorded in Official Record Book 40778, page 1391;
A portion of Parcel "A", MEADOW PINES", according to the Plat thereof as recorded in Plat Book 173, Pages 40-44, of the Public Records of Broward County, Florida, being more particularly described as follows:
COMMENCE at the Southwest corner of Section 15, Township 51 South, Range 40 East of Broward County, Florida;
THENCE North 07°37'31" East, a distance of 840.70 feet to the POINT OF BEGINNING;
THENCE South 88°08'55" West, a distance of 82.50 feet;
THENCE North 01°51'05" West, a distance of 24.00 feet;
THENCE North 88°08'55" East, a distance of 82.50 feet;
THENCE South 01°51'05" East, a distance of 24.00 feet to the POINT OF BEGINNING.
Said lands lying and being in the City of Pembroke Pines, Broward County, Florida.

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT

The following notice is provided in the event that a court of competent jurisdiction determines that the requirements of 15 U.S.C. § 1687 apply to these matters:

1. Please see letter attached for amount currently due.

2. The amounts are owed to:

   Cobblestone at Pembroke Homeowners Association, Inc.

3. Unless you dispute the validity of this debt, or any portion thereof, within 30 days after receipt of this notice, the debt will be assumed to be valid by the debt collector.

4. If you notify Carlos A. Triay, P.A., in writing, within that 30 day period, that the debt, or any portion thereof, is disputed, Carlos A. Triay, P.A. will obtain verification of the debt or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you. (We will suspend collection efforts until we have provided this information to you.)

5. Cobblestone at Pembroke Homeowners Association, Inc.
has not assigned any rights to this obligation. Send any notice to concerning the above mentioned rights to:

Carlos A. Triay, P.A.
P.O. Box 227010
Miami, FL 33122
(305) 597-8944
Fax (305) 597-8995

In accordance with the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) we are required to state that this document is an attempt to collect a debt, and any information obtained will be used for that purpose.

*Special Notice to Borrowers who have been discharged in bankruptcy:*
If your debt has been discharged by a Bankruptcy Court, this firm and its client are NOT attempting to collect a debt from you. We are only attempting to enforce our client's rights in the property. Those rights are created by the Declaration of the Association.

IT IS STRONGLY RECOMMENDED THAT YOU
OBTAIN THE ADVICE OF LEGAL COUNSEL