UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-62473-RAR

**RAFAEL STOCKI**,

    Plaintiff,

v.

**LAW OFFICE OF CARLOS A. TRIAY, PA**, *and* **COBBLESTONE AT PEMBROKE HOMEOWNERS ASSOCIATION, INC.**,

    Defendants.
_____/

## THIRD AMENDED COMPLAINT

Plaintiff Rafael Stocki ("Plaintiff") sues Defendant Law Office of Carlos A. Triay, PA, and Defendant Cobblestone at Pembroke Homeowners Association, Inc. (collectively, the "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

### PARTIES

4. Plaintiff is natural persons, and citizens of the State of Florida, residing in Broward County, Florida.

5. Defendant Law Office of Carlos A. Triay, PA ("Defendant-DC") is Florida professional association, with its principal place of business located in Doral, Florida.

6. At all times material, Defendant-DC was acting as a debt collector in respect to the collection of Plaintiff's debts.

7. Defendant Cobblestone at Pembroke Homeowners Association, Inc. ("Defendant-Creditor") is Florida corporation, with its principal place of business located in Pembroke Pines, Florida.

8. At all times material, Defendant-Creditor was the creditor of the debt(s) Defendant-DC sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

9. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

10. On a date better known by Defendants, Defendant-Creditor referred the collection of a debt (the Consumer Debt") to Defendant-DC for collection.

11. On a date better known by Defendant-DC, Defendant-DC began attempting to collect the Consumer Debt from Plaintiff.

12. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Defendant-Creditor and Plaintiff for the maintenance, upkeep, and other perpetual services, of Plaintiff's residence, located at 620 SW 147 Terrace, Pembroke Pines, Florida 33027, located within Cobblestone at Pembroke community (collectively, the "Subject Service").

13. The Subject Service was primarily for personal, family, or household purposes.

14. Plaintiff is the alleged debtor of the Consumer Debt.

15. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

16. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

17. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. Defendant-DC is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

19. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

21. For example, Defendant-DC maintains and keeps updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

22. Further, Defendant-DC has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

23. Defendant-DC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

24. Defendant-DC is a "person" within the meaning of Fla. Stat. § 559.72.

25. Defendant-Creditor is a "person" within the meaning of Fla. Stat. § 559.72.

26. On a date better known by Defendant-DC, Defendant-DC sent Plaintiff a letter, internally dated September 03, 2021, (the "Collection Letter") in an attempt to collect the Consumer Debt. Attached as Exhibit "A" is a copy of the Collection Letter.

27. The Collection Letter represents Defendant-DC's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

28. Defendant-DC is required to include in the Collection Letter a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector (collectively, the "1692g(a)(3) Disclosure").

29. The Collection Letter is a communication from Defendant-DC to Plaintiff in an attempt to collect a debt.

30. In the Collection Letter, Defendant-DC falsely represents the amount of the Consumer Debt as being $3,336.63.

31. In the Collection Letter, Defendant-DC falsely represents that it (Defendant-DC) is lawfully entitled to collect "Attorney's fees" from Plaintiff as part of the Consumer Debt.

32. Defendant-DC does not have any statutory or contractual right to collect, or attempt to collect, attorneys' fees as part of the Consumer Debt.

33. Subsequent to receiving the Collection Letter, Plaintiff and Defendant-DC corresponded by phone in connection with the collection of the Consumer Debt (the "Collection Calls").

34. During the Collection Calls, Defendant-DC was required to disclose to Plaintiff that Defendant-DC was a debt collector.

35. Defendant-DC failed to disclose to Plaintiff that Defendant-DC was a debt collector during the Collection Calls.

36. During the Collection Calls, Defendant-DC was required to disclose to Plaintiff that the Collection Calls were an attempt to collect a debt.

37. Defendant-DC failed to disclose to Plaintiff that the Collection Calls were an attempt to collect a debt.

38. During the Collection Calls, Defendant-DC was required to disclose to Plaintiff that any information obtained would be used for debt collection purposes.

39. Defendant-DC failed to disclose to Plaintiff that any information obtained from Plaintiff during the Collection Calls would be used for debt collection purposes.

40. Defendant-DC did not exercise any professional judgment, as an attorney, before sending the Collection Letter to Plaintiff.

41. Defendant-DC did not conduct a meaningful review of Plaintiff's file prior to sending the Collection Letter to Plaintiff.

42. Defendant-DC did not send the Collection Letter to Plaintiff in Defendant-DC's capacity as an attorney.

43. Defendant-DC sent the Collection Letter to Plaintiff in Defendant-DC's capacity as a debt collector.

44. On December 27, 2021, Defendant-Creditor was served with a copy of Plaintiff's original complaint and, in so receiving: [1] Defendant-Creditor knew that Plaintiff was represented by an attorney with respect to the Consumer Debt; [2] Defendant-Creditor knew the name and contact information of Plaintiff's attorney; [3] Defendant-Creditor knew that Plaintiff disputed the

Consumer Debt; and [4] Defendant-Creditor knew that it (Defendant-Creditor) could not contact Plaintiff directly.

45. On March 15, 2022, despite knowing that Plaintiff was represented by an attorney, despite knowing that Defendant-Creditor could not contact Plaintiff directly in an attempt to collect the Consumer Debt, and despite knowing that Plaintiff disputed the Consumer Debt, Defendant-Creditor directly communicated with Plaintiff in an attempt to collect the Consumer Debt, and in so doing, demanded that Plaintiff pay the *entire* Consumer Debt on or before March 20, 2022.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692e(11)

46. Plaintiff incorporates ¶¶ 10-49 of this Amended Complaint.

47. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]*he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector*…." *See* 15 U.S.C. § 1692e(11) (emphasis added).

48. As stated above, Defendant-DC failed to disclose to Plaintiff during the Collection Calls that Defendant-DC was a debt collector, that the Collection Calls were an attempt to collect a debt, and/or that any information obtained from Plaintiff during the Collection Calls would be used for debt collection purposes.

49. Accordingly, Defendant-DC violated § 1692e(11) of the FDCPA in three ways: (1) by failing to state that it (Defendant) was a debt collector during the Collection Calls; (2) by failing

to state in the Collection Calls were an attempt to collect a debt; and (3) by failing to state that any information obtained would be used for debt collection purposes.

50.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF 15 U.S.C. §§ 1692e(2)(A)
(against Defendant-DC)

51.     Plaintiffs incorporates ¶¶ 10-49 of this Amended Complaint.

52.     The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]*he false representation of (a) the character, amount, or legal status of any debt; or (b) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. See* 15 U.S.C. § 1692e(2)(B) (emphasis added).

53.     Defendant-DC, by and through the Collection Letter, violated §§ 1692e(2)(A) and e(2)(B) of the FDCPA by falsely representing that Defendant-DC was lawfully entitled to collect attorney's fees from Plaintiff as part of the Consumer Debt. Defendant-DC does not have a contractual or statutory right to assess *and* collect attorney's fees from Plaintiff as part of the Consumer Debt. At best, Defendant-DC is able to recovery *reasonable* attorneys' fees from Plaintiff upon the successful foreclosure of a lien, or upon the successful prosecution of a civil action, but not as part of the Consumer Debt at this stage. *Reasonable* attorneys' fees are for the Court to decide, not for Defendant-DC to determine unilaterally.

PAGE | **7** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

54.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**VIOLATION OF 15 U.S.C. § 1692e(3)**
(against Defendant-DC)

55.     Plaintiff incorporates ¶¶ 10-49 of this Amended Complaint.

56.     Defendant-DC violated §1692e(3) of the FDCPA by utilizing, *including but not limited to*, Defendant-DC's attorney letterhead despite having made no meaningful review of the file and/or sufficient professional judgment in dispatching the Collection Letter to Plaintiff.  *See* Boyd v. Wexler, 275 F.3d 642, 647 (7th Cir. 2001) (finding that although the collection attorney's affidavit stated that he reviewed every file before a [collection letter] was sent, the mere volume of that undertaking (tens of thousands in some weeks, hundreds of thousands of dunning letters a year) was sufficient to permit a reasonable jury to conclude that "the Defendant-DC violated the FDCPA by rubber stamping his clients' demands for payment, thus misrepresenting to the recipients of his dunning letters that a lawyer had made a minimally responsible determination that there was probable cause to believe that the recipient actually owed the amount claimed by the creditor."). As such, by and through the Collection Letter, Defendant-DC violated § 1692e(3) of the FDCPA.

57.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 4
## <u>VIOLATION OF FLA. STAT. § 559.72(11)</u>
(against Defendants)

58. Plaintiff incorporates ¶¶ 10-49 of this Amended Complaint.

59. Defendant-DC violated Fla. Stat. § 559.72(11) communicating with Plaintiff under the guise of an attorney by utilizing the stationery of an attorney, *to wit*, the Collection Letter, in an attempt to deceptively collect the Consumer Debt from Plaintiff.

60. For example, Defendant-DC, by and through the Collection Letter, wrongfully causes the least sophisticated consumer to believe meaningful and adequate scrutiny of the consumer's file occurred before the Collection Letter was mailed. Here, among other things, Defendant-DC's attorney letterhead, causes the least sophisticated consumer to wrongfully believe that he or she received a letter from an attorney. As mentioned above, however, Defendant-DC did not exercise any professional judgment, as an attorney, or conduct any meaningful review of Plaintiff's file, as an attorney, prior to mailing the Collection Letter. Simply put, the Collection Letter was mailed to Plaintiff by Defendant-DC in Defendant-DC's capacity as a debt collector – not an attorney. As such, by and though the Collection Letter, Defendant-DC violated § 559.72(11) of the FCCPA.

61. At minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

62. Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

63. As such, the above-mentioned violation of § 559.72(11) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

64. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by Fla. Stat. § 559.77(2); **[2]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[3]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## VIOLATION OF FLA. STAT. § 559.72(18)
(against Defendants)

65. Plaintiff incorporates ¶¶ 10-49 of this Amended Complaint.

66. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address*…." Fla. Stat. §559.72(18) (emphasis added).

67. As stated above, as of January 20, 2022, Defendant-Creditor knew Plaintiff was represented by an attorney with respect to the Consumer Debt, knew that it (Defendant-Creditor) could not communicate with Plaintiff directly, and knew that Plaintiff disputed the Consumer Debt. Despite knowing this, Defendant-Creditor communicated and/or contact Plaintiff directly on March 15, 2022, and in so doing, in connection with the collection of the Consumer Debt, demanded that Plaintiff repay the *entire* Consumer Debt on or before March 20, 2022.

PAGE | **10** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

68. Accordingly, Defendant-Creditor violated Fla. Stat. § 559.72(18) by communicating directly with Plaintiff in connection with the collection of Consumer Debt on March 15, 2022.

69. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

Dated: March 21, 2022

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136

*COUNSEL FOR PLAINTIFF*

PAGE | **11** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 21, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

PAGE | **12** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

# EXHIBIT "A"

THE LAW OFFICE OF
# CARLOS A. TRIAY, P.A.

PLEADINGS ONLY:
POST OFFICE BOX 227010
MIAMI, FLORIDA 33122

PLEASE REPLY TO:
2301 N.W. 87TH AVENUE
SUITE 501
DORAL, FLORIDA 33172

TEL (305) 597-8944
FAX (305) 597-8995

September 3, 2021

Catherine Ann Ickis
Rafael Andres Stocki
620 SW 147 Terrace
Pembroke Pines FL 33027

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>
7019 0140 0000 4081 5132
(copy via regular mail)

RE: **NOTICE OF INTENT TO RECORD A CLAIM OF LIEN**
Cobblestone at Pembroke Homeowners Association, Inc.
LEGAL DESCRIPTION:   See attached Exhibit "A"

UNIT ADDRESS:        620 SW 147 Terrace
                     Pembroke Pines FL 33027
UNIT OWNER:          Rafael Andres Stocki & Catherine Ann Ickis
ACCOUNT NO.:         3236-003901
AMOUNT DUE:          $3,336.63        THROUGH: 10/17/2021

Please be advised that the undersigned represents:
Cobblestone at Pembroke Homeowners Association, Inc.

The following amounts are currently due on your account to the above Association, and must be paid within FORTY-FIVE (45) days after your receipt of this letter.

This letter shall serve as the Association's notice of intent to record a Claim of Lien against your property no sooner than FORTY-FIVE (45) days following the date this notice is deposited in the mail unless you pay in full the amounts set forth below:

| Description: | Amount | Months | Total |
|---|---|---|---|
| Maintenance from 2/2021 through 10/2021 | $ 285.00 | 9 | $ 2,565.00 |
| Late Fees | $ 25.00 | 5 | $ 125.00 |
| Past Due Notice | $ 5.00 | 3 | $ 15.00 |
| Interest through 8/2019 | | | $ 149.63 |
| Attorney's fees (this amount is solely dependent upon no further action being taken) | | | $ 475.00 |
| Certified mail fee | $ 7.00 | 1 | $ 7.00 |
| TOTAL | | | $ 3,336.63 |

*Interest accrues at the rate of eighteen (18) percent per annum.

1 of 2

THE LAW OFFICE OF
**CARLOS A. TRIAY, P.A.**

PLEADINGS ONLY:
POST OFFICE BOX 227010
MIAMI, FLORIDA 33122

PLEASE REPLY TO:
2301 N.W. 87TH AVENUE
SUITE 501
DORAL, FLORIDA 33172

TEL (305) 597-8944
FAX (305) 597-8995

September 3, 2021
Page 2 of 2

IF YOU FAIL TO PAY IN "FULL", WITHIN FORTY-FIVE (45) DAYS FOLLOWING THE DATE THIS NOTICE IS DEPOSITED INTHE MAIL, the above mentioned amounts, plus all interest, late charges, attorney's fees, fines, special assessments and regular assessments accruing from the date of this letter, the Association shall have no alternative but to file a CLAIM OF LIEN against your unit. All costs including interest and attorney's fees incurred recovering your past due account will be paid by you. If your unit is liened, there will be additional attorney's fees and costs added to the outstanding balance. Additionally, if the account including maintenance fees, attorney's fees and interest is not paid in full within FORTY-FIVE (45) days from the date of the lien being filed, foreclosure proceedings will be instituted.

Kindly send your payment to the above letterhead address in the form of a cashier's check or money order payable to Carlos A. Triay, P.A., Trust Account. Any partial payments will be first applied to interest, then to late fees, then to costs and attorney's fees, and last to the delinquent assessments, pursuant to F.S. 720.3085(3)(b).

GOVERN YOURSELF ACCORDINGLY

IF YOU HAVE FILED A BANKRUPTCY, IT IS IMPORTANT THAT YOU PROVIDE THE UNDERSIGNED A COPY OF THE DOCUMENTS RELATED TO YOUR BANKRUPTCY.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. If you notify this office in writing within the thirty day period that the amounts due or any portion thereof is disputed, this office will obtain verification of the amount due and verification will be mailed to you by this office.

Very truly yours,

*[signature]*

Carlos A. Triay