UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO: 21-CV-62473-RAR**

RAFAEL STOCKI,

Plaintiff,

v.

LAW OFFICE OF CARLOS A. TRIAY, PA, and
COBBLESTONE AT PEMBROKE HOMEOWNERS
ASSOCIATION, INC.

Defendants.
_____/

### DEFENDANTS LAW OFFICE OF CARLOS A. TRIAY, PA, and COBBLESTONE AT PEMBROKE HOMEOWNERS ASSOCIATION, INC. MOTION TO DISMISS THIRD AMENDED COMPLAINT

**COMES NOW** Defendants, Law Office of Carlos A. Triay, P.A., and Cobblestone at Pembroke Homeowners Association, Inc. (hereinafter collectively referred to as "Defendants"), and hereby move this Court to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in support thereof, states as follows:

### INTRODUCTION

This action arises from the failure of Plaintiff, a resident of Cobblestone at Pembroke Homeowners Association, Inc., to pay his required maintenance/assessments to the Homeowners Association (hereinafter referred to as HOA). Under the HOA's By-Laws and Declaration, residents/members of the HOA have an obligation to pay their monthly maintenance and assessments to the HOA. Should they fail to do so, under Florida Law, the HOA has a right to assess late fees and interest.

1

Following Plaintiff's failure to pay the assessment and fees, the HOA sought its attorney, Carlos A. Triay, to send the requisite Notice of Intent to Record A Claim of Lien (hereinafter "the Notice" attached as Exhibit A). Plaintiff, under an Amended Complaint, brings an utterly meritless lawsuit alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

Plaintiff filed its original complaint on December 9, 2021. Now, on his Third Amended Complaint, Plaintiff has continued to drop various claims originally brought and has now brought an entirely new count which has nothing to do with the previous claims. As with the previous Complaints, this one is lacking in merit and the Court should dismiss and tolerate no further amendments. First, most of the statutory provisions alleged to be violated have been complied with and therefore Plaintiff cannot bring a claim. Second, several provisions do not apply to these Defendants. Finally, Plaintiff asserts multiple conclusory and contradictory statements which are improper and consequently fails to state a claim.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A motion to dismiss a counterclaim pursuant to Federal Rule of Civil

Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Great Am. Assurance Co. v. Sanchuk, LLC*, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## ARGUMENT

### A. COUNT 1 MUST BE DISMISSED BECAUSE THE PLAINTIFF ONLY PLEADS CONCLUSORY STATEMENTS.

Count 1 must be dismissed because it is only supported by conclusory statements. This Court need not accept the Plaintiff's threadbare recitals of the cause of action's elements supported only by conclusory statements without further factual enhancement. *Jones v. BC Servs., Inc.*, No. 17-61506-CIV, 2017 WL 11261366, at *1 (S.D. Fla. Dec. 12, 2017).

Plaintiff does not include the necessary factual basis for the conclusion that Defendant violated the FDCPA. In order for Plaintiff to state a claim under the FDCPA, he must provide factual allegations which raise a right to relief above the speculative level. *Perez v. Syndicated Off. Sys.*, No. 08-21404-CIV, 2008 WL 11331795, at *1 (S.D. Fla. Sept. 24, 2008). Plaintiff fails to plead anything more than conclusory allegations that "Collection Calls" happened, and in those

3

"Collection Calls" that Defendant-DC failed to make required disclosures. These mere recitations of the elements will not suffice. They further do not put these Defendants on notice of the full nature of the claims against them, such as how many "Collection Calls" took place, when they took place, the whole nature of the "Collection Calls," or even the substance of the calls. *Dimuccio v. D'Ambra*, 779 F. Supp. 1318, 1322 (M.D. Fla. 1991)(" It is settled law that the function of a complaint under the federal rules is to give the defendant fair notice of plaintiff's claim and the grounds on which the plaintiff relies."). Such allegations are also important for this Court to make a full determination on the substantive merit of Plaintiff's claim on the motion to dismiss stage. *Argain v. Wayne Transportation, LLC*, No. 08-80132-CIV, 2009 WL 10668230, at *1 (S.D. Fla. Mar. 5, 2009).

Consequently, Plaintiff's Count 1 must be dismissed.

### B. <u>COUNT 2 MUST BE DISMISSED BECAUSE THE PLAINTIFF IS INCORRECT ABOUT DEFENDANT'S RIGHT TO COLLECT ATTORNEY'S FEES.</u>

Next, Plaintiff asserts a claim under § 1692e(2)(B) by alleging that Defendant falsely represented that it was lawfully entitled to collect attorney's fees from Plaintiff as part of the Consumer Debt. (Third Amended Complaint, ¶53). §1692e(2)(B) prohibits the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."

Plaintiff's claim is without merit as Defendant is lawfully entitled to collect attorney's fees. Not only does the HOA's bylaws permit the collection of attorney's fees for the collection of assessments and late fees, but such attorney's fees are also permissible under Fla. Stat. §720.3085 which addresses the payment for assessments and the filing of a claim of liens.  Further, Plaintiff's

own allegations that "At best, Defendant-DC is  Thus, Plaintiff fails to state a claim and Count 2 must be dismissed.

### C. COUNT 3 MUST BE DISMISSED BECAUSE PLAINTIFF'S ALLEGATIONS ARE CONCLUSORY AND NOT SUPPORTED BY FACTS.

Next, Plaintiff alleges that Defendant Triay P.A. violated §1692e(3) by utilizing "Defendant-DC's *including but not limited to*, Defendant-DC's attorney letterhead despite having made no meaningful review of the file and/or sufficient professional judgment in dispatching the Collection Letter to Plaintiff." (Third Amended Complaint, ¶56)(*emphasis in original*).

This claim must be dismissed for two reasons: First, as with Count 1, the claim itself is entirely based on a conclusory statement that Defendant "made no meaningful review of the file" and consequently Plaintiff fails to state a claim. Second, the plain reading of §1692e(3) states a violation only occurs upon the "*false* representation or implication that any individual is an attorney or that any communication is from an attorney." Defendant Triay P.A. cannot make such a false statement because Carlos A. Triay *is* an attorney. What makes this allegation even more meritless is that Plaintiff himself acknowledges that Triay is an attorney. (Third Amended Complaint, ¶44). Consequently, Plaintiff fails to state a claim for violation of §1692e(3) and Count 3 must be dismissed with prejudice.

### D. COUNT 4 MUST BE DISMISSED BECAUSE THE DEFENDANT IS AN ATTORNEY.

Next, Plaintiff asserts claims against both Triay, P.A. and the HOA Defendant asserting that Defendant Triay, P.A. communicated with Plaintiff "under the guise of an attorney by utilizing the stationery of an attorney" and as a result violated Fla. Stat. §559.72(11).

5

Fla. Stat. §559.72(11) prohibits any person from communicating with a debtor "under the guise of an attorney by using the stationery of an attorney or forms or instruments that only attorneys are authorized to prepare."

As with the previous Count, Plaintiff's claim is without merit because the allegations are conclusory, and further Defendant Triay P.A., is an attorney which even Plaintiff acknowledges. As a result, Plaintiff fails to state a claim for violation of Fla. Stat. §559.72(11) and Count 6 must be dismissed with prejudice.

**WHEREFORE,** Defendants, respectfully, requests this Court to enter an order dismissing the Plaintiff's Complaint with prejudice, costs and attorneys' fees pursuant to 15 U.S.C. 1692k and Rule 11, and for such other and further relief that this Court deems appropriate under the circumstances.

### E. COUNT 5 MUST BE DISMISSED BECAUSE THERE IS NO ACTUAL KNOWLEDGE AND FURTHER THE PURPORTED DEBT IS FOR A DIFFERENT ASSESSMENT.

Finally, Plaintiff makes the claim that Fla. Stat. §559.72(18) was violated by Defendants in communicating with the Plaintiff. §559.72(18) prohibits in the collection of consumer debts any person from communicating "with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication." § 559.72, Fla. Stat.

Courts have uniformly interpreted the knowledge requirement to require proof of "actual knowledge" on the part of the debt collector. *Castellanos v. Portfolio Recovery Assocs., LLC*, 297 F. Supp. 3d 1301, 1309 (S.D. Fla. 2017). Here, Plaintiff asserts that because Defendants were

served with a copy of the original complaint, they must have known that Plaintiff was represented by counsel "with respect to the Consumer Debt" (Third Amended Complaint, ¶44).

Plaintiffs' argument is flawed for two critical reasons. First, the mere service of a complaint does not suffice to give a debt collector *actual knowledge* that the Plaintiff is represented by counsel with respect to such debt. *Wolhuter v. Carrington Mortg. Servs., LLC*, No. 8:15-CV-552-MSS-TBM, 2015 WL 12819153, at *5 (M.D. Fla. Oct. 28, 2015)(" the debtor and/or her counsel must send correspondence notifying the debt collector that the debtor also is represented with respect to the debt itself."). Thus, there is insufficient allegations constituting actual knowledge within the complaint.

Second, even if the original complaint does impute actual knowledge that the Plaintiff was represented by counsel with respect to *the* Consumer Debt from which its collection serves as the basis of *this* lawsuit, the communication referenced in the Third Amended Complaint is an entirely different debt.[1] Thus, contrary to Plaintiff's allegations, Defendants did not communicate with Plaintiff *with respect to **the** Consumer Debt*. Consequently, Plaintiff fails to state a claim under §559.72 and Count 5 must be dismissed with prejudice.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via the Court's CM/ECF system, and on the unrepresented defendants by U.S. Mail.

                KAREN B. PARKER, P.A.
                Attorneys for Defendants
                Datran One, Suite 514

---

[1] Additionally, the communication is from an email chain by which *Plaintiff* initiated and maintained communication with Defendants, with no reference to his counsel being made.

7

                                    9100 South Dadeland Blvd.
                                    Miami, Florida  33156
                                    Tel.: (305) 400-9149
                                    _/s_____
                                    KAREN PARKER, ESQ.
                                    FBN: 54482
                                    kparker@kbparkerlaw.com
                                    fmartinez@kbparkerlaw.com