UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-62473-RAR

RAFAEL STOCKI,

    Plaintiff,

v.

LAW OFFICE OF CARLOS A. TRIAY, PA,
*And* COBBLESTONE AT PEMBROKE
HOMEOWNERS ASSOCIATION, INC.,

    Defendant.
_____/

## RESPONSE IN OPPOSITION DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

Plaintiff Rafael Stocki (the "Plaintiff") submits this Response in Opposition to the Motion to Dismiss Third Amended Complaint [D.E. 31] (the "Motion") filed by Defendants Law Office of Carlos A. Triay, P.A. (the "Defendant-DC"), and Cobblestone at Pembroke Homeowners Association, Inc. (the "Defendant-Creditor") (collectively the "Defendants").

## INTRODUCTION

1.    Defendants seek to dismiss the Third Amended Complaint because, in simplest terms, Defendants claim that Plaintiff only pleads conclusory statements unsupported by factual allegations which give rise to relief above the speculative level.

## BACKGROUND AND POSTURE

2.    On March 21, 2022, Plaintiff filed his Motion for Leave to File Third Amended Complaint [D.E. 26] (the "TAC").

3.    With respect to the claims of Plaintiff, the TAC contains five counts. *See* TAC at ¶¶46-69.

PAGE | **1** of 15

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4. Count 1 alleges that "Defendant-DC violated §1692e(11) of the FDCPA in three ways: (1) by failing to state that it (Defendant) was a debt collector during the Collection Calls; (2) by failing to state in the Collection Calls were an attempt to collect a debt; and (3) by failing to state that any information obtained would be used for debt collection purposes." TAC at ¶ 49.

5. Count 2 alleges that "Defendant-DC, by and through the Collection Letter, violated §§ 1692e(2)(A) and e(2)(B) of the FDCPA by falsely representing that Defendant-DC was lawfully entitled to collect attorney's fees from Plaintiff as part of the Consumer Debt. Defendant-DC does not have a contractual or statutory right to access *and* collect attorney's fees from Plaintiff as part of the Consumer Debt." TAC at ¶53.

6. Count 3 alleges that "Defendant-DC violated §1692e(3) of the FDCPA by utilizing, *including but not limited to*, Defendant-DC's attorney letterhead despite having made no meaningful review of the file and/or sufficient professional judgment in dispatching the Collection Letter to Plaintiff." TAC at ¶56.

7. Count 4 alleges that "Defendant-DC violated Fla. Stat. § 559.72 (11) communicating with Plaintiff under the guise of an attorney by utilizing the stationary of an attorney, to wit, the Collection Letter, in an attempt to deceptively collect the Consumer Debt from Plaintiff." TAC at ¶59.

8. Count 5 alleges that "Defendant-Creditor knew Plaintiff was represented by an attorney with respect to the Consumer Debt, knew that it (Defendant-Creditor) could not communicate with Plaintiff directly, and know that Plaintiff disputed the Consumer Debt. Despite knowing this, Defendant-Creditor communicated and/or contact Plaintiff directly on March 15, 2022, and in doing so, in connection with the collection of the Consumer Debt, demanded that Plaintiff repay the entire Consumer Debt on or before March 20, 2022." TAC at ¶67.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

9. On April 4, 2022, Defendants filed the Motion to Dismiss Third Amended Complaint [D.E. 31] the subject of this Response in Opposition.

10. The principal thrust of Defendants' Motion is that:

(a) "First, most of the statutory provisions alleged to have been violated have been complied with and therefore Plaintiff cannot bring a claim. Second, several provisions do not apply to these Defendants. Finally, Plaintiff asserts multiple conclusory statements which are improper and consequently fails to state a claim." Motion at 2.

11. As elaborated below, Plaintiff has sufficiently pled a *prima facie* case for violation of § 1692e(11), § 1692e(2)(A), and/or § 1692e(3) of the FDCPA and § 559.72(11) and §559.72 (18) of the FCCPA and Defendants' Motion to Dismiss Third Amended Complaint should be promptly denied.

## STANDARD OF REVIEW

12. To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating Conley, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*citing* Twombly, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See* Linder v.

Portocarrero, 963 F. 2d 332, 334-36 (11th Cir. 1992) (*citing* Robertson v. Johnston, 376 F. 2d 43 (5th Cir. 1967)).

13. However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 1129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly, 550 U.S. 544 at n. 8 (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984)).

14. In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Such allegations must be construed in the light most favorable to the Plaintiff. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## ARGUMENT

**1. PLAINTIFF HAS SUFFICIENTLY PLED PRIMA FACIE VIOLATIONS OF § 1692e(11), § 1692e(2)(A), AND § 1692e(3), OF THE FDCPA AND §§ 559.72 (11) AND 559.72(18) OF THE FCCPA**

15. "To state a claim for violation of the FDCPA and FCCPA, Plaintiff must set forth sufficient factual allegations to raise plausible inference that: (1) Defendant is a debt collector; (2) Plaintiff was 'the object of collection activity arising from consumer debt,' and (3) Defendant engaged in an act or omission prohibited by the FDCPA or FCCPA." Garrison v. Caliber Home

Loans, Inc., 2017 WL 89001, at *4 (M.D. Fla. Jan. 10, 2017); Pescatrice v. Orovitz, P.A., 539 F.Supp. 2d 1375, 1378 (S.D. Fla. 2008); *see also* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1189-91 (11th Cir. 2010).

**1.1. DEFENDANTS DO NOT CONTEST THAT PLAINTIFF HAS BEEN THE OBJECT OF COLLECTION ACTIVITY, NOR DO DEFENDANTS CONTEST THAT DEFENDANT-DC IS A DEBT COLLECTOR.**

16. With respect to the present matter, Defendants do not contest that Plaintiff has been the object of collection activity arising from a consumer debt in the Motion. Further, Defendants do not contest that Defendant-DC is a debt collector as defined by the FDCPA in the Motion. Looking to the TAC, in contrast, Plaintiff accurately pleads that Defendant-DC is a "debt-collector" within the meaning of the FDCPA, as well as sufficiently pleads that "Defendant-DC began attempting to collect the Consumer Debt from Plaintiff" and that Plaintiff was "the alleged debtor of the Consumer Debt." TAC at ¶¶ 6, 11, 14, and 23.

17. Thus, because Defendant does not contest that it (Defendant-DC) is a debt collector or contest that Plaintiff was the object of Defendant-DC's debt collection efforts, the only issue before this Court, at this stage, is whether Plaintiff has adequately alleged that Defendant-DC has engaged in an act prohibited by the FDCPA, *namely*, § 1692e(11), § 1692e(2)(A), and/or § 1692e(3) of the FDCPA and § 559.72(11) and § 559.72 (18) of the FCCPA. See 15 U.S.C. §1692(11) (prohibiting "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector"); 15 U.S.C. § 1692e(2)(A) (prohibiting "[t]he false representation of the character, amount, or legal status of ant debt"); 15 U.S.C. § 1692e(3)

(prohibiting "[t]he false representation or implication that any individual is an attorney of that any communication is from an attorney"); Fla. Stat. § 559.72 (11) (prohibiting communication "with a debtor under the guise of an attorney by using the stationary of an attorney or forms or instruments that only attorneys are authorized to prepare"); Fla. Stat. § 559.72 (18) (prohibiting communication "with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication").

**1.2. DEFENDANTS ENGAGED IN AN ACT OR OMISSION PROHIBITED BY THE FDCPA OR FCCPA.**

18. In light of the above, whether Plaintiff has adequately pled that Defendants violated § 1692e(11), § 1692e(2)(A), and/or § 1692e(3) of the FDCPA and § 559.72(11) of the FCCPA depends on the third element of Plaintiff's *prima facie* case, as the two elements have been met.

19. Notably, the third element of Plaintiff's prima facie case, i.e., whether Defendants engaged in an act or omission prohibited by the FDCPA, is governed by the "least sophisticated consumer" standard, which dictates whether a debt collector's conduct violates the FDCPA. *See* Crawford v. LVNV Funding, LLC, 758 f.3D 1254, 1258 (11th Cir. 2014)(reiterating that the "least sophisticated consumer" standard governs "whether a debt collector's conduct is deceptive, misleading, unconscionable, or unfair under the statute." (internal quotations omitted)); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) (holding that the "least-sophisticated consumer" standard applies to evaluate claims under § 1692e and §1692f); Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *2 (11th Cir. Nov. 1, 2017) (applying the

"least sophisticated consumer" standard to claims under §1692g); *see also* Michael v. HOVG, LLC, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017) (applying the least sophisticated consumer standard to determine whether a debt collector violated the FCCPA); Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010 (same)); Bank v. Schmidt, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which applied the least sophisticated consumer standard to determine whether the FCCPA had been violated).

### 1.2.1. THE LEAST SOPHISTICATED CONSUMER STANDARD

20. In the context of the FDCPA, "[t]he inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct." Crawford, 758 F.3d 1254 at 1259 (citation and internal quotations omitted).

21. "The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd." LeBlanc, 601 F.3d 1185 at 1194; *see* Crawford, 758 F.3d 1254 at 1258-59 ("[t]he 'least-sophisticated consumer' standard takes into account that consumer-protection laws are 'not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous.'" (*quoting* Jeter v. Credit Bureau, 760 F.2d 1168, 1172-73 (11th Cir. 1985))). The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Jeter, 760 F.2d at 1168.

22. "Literally, the least sophisticated consumer is not merely 'below average,' he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care, let alone interpret it in a

reasonable fashion." Gammon v. GC Servs., 27 F.3d 1254, 1257 (7th Cir. 1994); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996) ("'the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives."). As such, because of the viewpoint required to properly invoke the least sophisticated consumer standard, issues which require the application thereof are reserved for the jury. See Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *3 (11th Cir. Nov. 1, 2017) ("[g]enerally, the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury"); see, e.g., Pescatrice v. Orovitz, 539 F.Supp. 2d 1375, 1381 (S.D. Fla. 2008) (whether a communication was "deceptive is a material issue of disputed fact for the jury, as fact finder, to resolve").

**1.2.2. PLAINTIFF'S ALLEGATIONS SUFFICIENTLY RAISE A PLAUSIBLE INFERENCE THAT DEFENDANTS' CONDUCT VIOLATES § 1692e(11), § 1692e(2)(A), AND § 1692e(3) OF THE FDCPA AND § 559.72 (11) AND § 559.72 (18) OF THE FCCPA**

23. The factual allegations of Plaintiff are more than sufficient to raise a plausible inference that Defendants engaged in conduct prohibited by § 1692e(11), § 1692e(2)(A), and § 1692e(3) of the FDCPA and § 559.72(11) and §559.72(18) of the FCCPA. Defendant's argument – that the statutory provisions alleged to be violated have been complied with and therefore Plaintiff cannot bring a claim – fails because, at best, such argument creates a question of fact. As explicitly pled in the TAC, "Defendant-DC failed to disclose to Plaintiff during the Collection Calls that Defendant-DC was a debt collector, that the Collection Calls were an attempt to collect a debt, and/or any information obtained from Plaintiff during the Collection Calls would be used for debt collection purposes." TAC at ¶ 49. "Defendant-DC, by and through the Collection Letter,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

violated §§ 1692e(2)(A) and e(2)(B) of the FDCPA by falsely representing that Defendant-DC was lawfully entitled to collect attorney's fees from Plaintiff as part of the Consumer Debt. Defendant does not have a contractual or statutory right to access *and* collect attorney's fees from Plaintiff as part of the Consumer Debt." TAC at ¶53. "Defendant-DC violated §1692e(3) of the FDCPA by utilizing, *including but not limited to*, Defendant-DC's attorney letterhead despite having made no meaningful review of the file and/or sufficient professional judgment in dispatching the Collection Letter to Plaintiff." TAC at ¶56. "Defendant-DC violated Fla. Stat. § 559.72 (11) communicating with Plaintiff under the guise of an attorney by utilizing the stationary of an attorney, to wit, the Collection Letter, in an attempt to deceptively collect the Consumer Debt from Plaintiff." TAC at ¶59. "Defendant-Creditor knew Plaintiff was represented by an attorney with respect to the Consumer Debt, knew that it (Defendant-Creditor) could not communicate with Plaintiff directly, and knew that Plaintiff disputed the Consumer Debt. Despite knowing this, Defendant-Creditor communicated and/or contact Plaintiff directly on March 15, 2022, and in doing so, in connection with the collection of the Consumer Debt, demanded that Plaintiff repay the *entire* Consumer Debt on or before March 20, 2022." TAC at ¶67.

24. Additionally, Defendants argue that the communication between Plaintiff and Defendant-Creditor was initiated by the Plaintiff, Motion at 7, footnote 1, that Plaintiff has not sufficiently pled allegations constituting actual knowledge that Plaintiff was represented by counsel, and that the communication between Defendant-Creditor and Plaintiff did not involve the Consumer Debt.

25. Defendants argue that mere service of a complaint does not suffice to give Defendants actual knowledge that Plaintiff is represented by counsel with respect with the Consumer Debt. However, Defendant-Creditor is a party to this lawsuit and has been actively

litigating this lawsuit alongside Defendant-DC. Thus, Defendant-Creditor knew or could readily ascertain the undersigned counsel's name and address.

26. Defendants state that the communication at issue in this lawsuit is "from an email chain by which *Plaintiff* initiated and maintained communication with Defendants, with no reference to his counsel." Motion at 7, footnote 1.

27. A consumer-initiated communication from a consumer represented by an attorney constitutes the consumer's prior consent to that communication under § 1006.6(b)(4)(i); therefore, a debt collector may respond to that consumer-initiated communication. *See* 12 C.F.R. § 1006.6(b)(2). However, the consumer's act of initiating the communication does not negate the debt collector's knowledge that the consumer is represented by an attorney and does not revoke the protections afforded the consumer under § 1006.6(b)(2). Id. After the debt collector's response, the debt collector must not communicate or attempt to communicate further with the consumer unless the debt collector knows the consumer is not represented by an attorney with respect to the debt, either based on information from the consumer or the consumer's attorney, or unless an exception under § 1006.6(b)(2)(i) or (ii) or § 1006.6(b)(4) applies. Id.

28. Under § 1006.6(b)(2), the most Defendants could have done was respond to the Plaintiff's communication, inquire whether Plaintiff was still represented by an attorney and, then, cease communication with Plaintiff. That is not what happened in this case, instead Defendant-Creditor informed the Plaintiff on March 15, 2022, that he had five days to pay in full.

29. Defendants additionally argue that the communication did not involve the Consumer Debt. However, Plaintiff has alleged that the Defendants, in that March 15, 2022, communication demanded, in connection with the Consumer Debt, that Plaintiff repay *entire* Consumer Debt on or before March 20, 2022. TAC at ¶67.

30. Plaintiff alleges that "[o]n December 27, 2021, Defendant-Creditor was served with a copy of Plaintiff's original complaint and, in so receiving: [1] Defendant-Creditor knew that Plaintiff was represented by an attorney with respect to the Consumer Debt; [2] Defendant-Creditor knew the name and contact information of Plaintiff's attorney; [3] Defendant-Creditor knew that Plaintiff disputed the Consumer Debt; and [4] Defendant-Creditor knew that it (Defendant-Creditor) could not contact Plaintiff directly. TAC at ¶44.

31. The factual allegations of Plaintiff are more than sufficient to raise a plausible inference that Defendant-Creditor knew Plaintiff was represented by counsel, communicated with the Plaintiff, and in that communication, demanded that the Plaintiff pay the entire Consumer Debt within five days (conduct prohibited by §559.72(18) of the FCCPA). At best, Defendants' contention that the communication did not involve the Consumer Debt creates a question of fact which is for a jury to resolve and inappropriate to consider in a motion to dismiss.

32. Additionally, Defendants argue that Plaintiff's claims are without merit because the HO's bylaws permit the collection of attorney's fees for the collection of assessments and late fees, but such attorney's fees are also permissible under Fla. Stat. § 720.3085, Motion at 4 While at first glance this may seem a plausible argument, it must fail because the HOA bylaws are not attached to nor part of the complaint; and thus, may not be considered on a motion to dismiss.

33. It is black-letter law that a court weighing a motion to dismiss is generally confined to the four corners of the pleadings. *See, e.g.*, Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) ("[a] court's review on a motion to dismiss is limited to the four corners of the complaint.") (citation and internal quotation marks omitted); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d. 1342, 1352 (11th Cir. 2006) ("[w]hen considering a motion to dismiss, … the court limits its consideration to the pleadings and exhibits attached thereto.") (citation

PAGE | **11** of 15

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

omitted). Matters outside the pleadings are not generally properly considered on a motion to dismiss. *See* Adams v. Homeward Residential, Inc., Case No. 13-0329-WS-B (S.D. Ala. 2014) (holding in FDCPA action that letter not attached to complaint would not be considered on a motion to dismiss and the motion to dismiss could not be converted to a motion for summary judgment as plaintiff had not had ample time to conduct discovery.) In the instant case, the HOA bylaws are neither attached to the complaint or even referenced in the Complaint. Thus, it is improper to consider any provision contained in the HOA bylaws in a motion to dismiss.

## CONCLUSION

34.     Thus, taking the allegations of the Third Amended Complaint as true and in the light most favorable to Plaintiff, Plaintiff has sufficiently pled that Defendant violated § 1692e(11), § 1692e(2)(A), and § 1692e(3) of the FDCPA and §§ 559.72(11) and 559.72(18) of the FCCPA by failing to disclose to Plaintiff during the Collection Calls that Defendant-DC was a debt collector, that the Collection Calls were an attempt to collect a debt, and/or any information obtained from Plaintiff during the Collection Calls would be used for debt collection purposes; by falsely representing that Defendant-DC was lawfully entitled to collect attorney's fees from Plaintiff as part of the Consumer Debt; by utilizing, *including but not limited to*, Defendant-DC's attorney letterhead despite having made no meaningful review of the file and/or sufficient professional judgment in dispatching the Collection Letter to Plaintiff; by communicating with Plaintiff under the guise of an attorney by utilizing the stationary of an attorney, to wit, the Collection Letter, in an attempt to deceptively collect the Consumer Debt from Plaintiff; and by communicating with Plaintiff, despite knowing that Plaintiff is represented by counsel, and demanding that Plaintiff repay the entire Consumer Debt on or before March 20, 2022. TAC at ¶¶ 49, 53, 56, 59, and 67.

35. At best, Defendant's Motion to Dismiss creates questions of fact which, in light of the least sophisticated consumer standard, are for the jury to resolve. <u>Leonard v. Zwicker & Assocs.</u>, P.C., 713 F. App'x 879, 882 (11th Cir. 2017) ("the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury"). Moreover, the fact that, in the eyes of Defendant, the Collection Letter does not *falsely* represent or implicate that Carlos A. Traiy is an attorney is equally of no consequence at this stage in light of the least sophisticated consumer standard. <u>Michael v. Hovg</u>, 232 F. Supp. 3d 1229, 1237 (S.D. Fla. 2017) ("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate"); *see also* <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185, 1194 (11th Cir. 2010) ("[t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.")

36. WHEREFORE, Plaintiffs, respectfully, ask that this Court *deny* Defendant's Motion to Dismiss.

Dated: April 18, 2022

Respectfully Submitted,

/s/ Thomas J. Patti                .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail: tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:    855-529-9540

*Counsel for Plaintiff*

PAGE | **14** of **15**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 18, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti         .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

PAGE | **15** of **15**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com