UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 21-CV-62473-RAR

RAFAEL STOCKI,

Plaintiff,

v.

LAW OFFICE OF CARLOS A. TRIAY, PA, and
COBBLESTONE AT PEMBROKE HOMEOWNERS
ASSOCIATION, INC.

Defendants.
_____/

### DEFENDANTS LAW OFFICE OF CARLOS A. TRIAY, PA, and COBBLESTONE AT PEMBROKE HOMEOWNERS ASSOCIATION, INC. REPLY IN SUPPORT OF ITS MOTION TO DISMISS THIRD AMENDED COMPLAINT

**COMES NOW** Defendants, Law Office of Carlos A. Triay, P.A., and Cobblestone at Pembroke Homeowners Association, Inc. (hereinafter collectively referred to as "Defendants"), and hereby files this reply in support of its Motion to Dismiss, and move this Court to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in support thereof, states as follows:

### LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require

detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Great Am. Assurance Co. v. Sanchuk, LLC*, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## ARGUMENT

### A. PLAINTIFF FAILS TO POINT TO ANY ALLEGATIONS WHICH ARE NOT CONCLUSORY AND CONSEQUENTLY COUNT 1 SHOULD BE DISMISSED.

In Defendants' Motion to Dismiss, Defendants argued that Count 1 must be dismissed because he only pled conclusory statements instead of factual allegations which raise a right to relief above the speculative level. Count 1 alleges that Defendant-DC violated the Fair Debt Collection Act "(1) by failing to state that it (Defendant) was a debt collector during the Collection Calls; (2) by

failing to state in the Collection Calls were an attempt to collect a debt; and (3) by failing to state that any information obtained would be used for debt collection purposes." (Third Amended Complaint, ¶49). This allegation is insufficient because they are mere conclusory allegations and do not allege substantial allegation which raise a plausible inference that Defendant engaged in conduct which violated the Fair Debt Collection Act.

In response, Plaintiff asserts the conclusory argument that these allegations are sufficient because Plaintiff says so. Plaintiff says nothing about the lack of substantial allegations, how they put these Defendants on notice of the substance of the allegations against them, or even how they assist in the Court's ability to make a full determination on the substantive merit of Plaintiff's claim at the pleadings stage. To wit, the lack of substantial factual allegations, such as when the calls took place, how many Collection Calls there were, and what exactly the full nature and substance of the Collection Calls were, is not addressed by Plaintiff. This is because the allegations by Plaintiff *are* insufficient, and Count 1 must be dismissed as a result.

### B. PLAINTIFF FAILS TO REBUT THE ARGUMENTS AGAINST COUNT 2 WHICH CONSEQUENTLY MUST BE DISMISSED.

In Defendants' Motion to Dismiss, Defendants argued that Count 2 must be dismissed because by statute and contract, Defendants are entitled to collect attorney's fees. In response, Plaintiff argues that this argument must fail because "the HOA bylaws are not attached to nor part of the complaint; and thus may not be considered on a motion to dismiss."

Plaintiff is mistaken. The bylaws may be considered because they are incorporated by reference. *See Jeffers v. Kerzner Int'l Hotels Ltd.*, 319 F. Supp. 3d 1267, 1270 (S.D. Fla. 2018). Plaintiff's claims rely on the Consumer Debt which is based on "an obligation allegedly had by Plaintiff to pay money arising from a transaction between Defendant-Creditor and Plaintiff for the maintenance, upkeep, and other perpetual services of Plaintiff's residence…" (Third Amended

Complaint, ¶12). Plaintiff further alleges that Defendants do not have a statutory *or contractual* right to collect attorneys' fees as part of the Consumer Debt. (Third Amended Complaint, ¶¶32, 53). Thus, because of the integral nature of the bylaws to Plaintiff's claim, the bylaws may be appropriately considered on Defendants' Motion to Dismiss. *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1349 (S.D. Fla. 2014)(noting Court may consider documents central to a Plaintiff's claim without conversion of a motion to dismiss into one for summary judgment). Furthermore, Plaintiff does not contest the accuracy of the documents.

Additionally, Plaintiff does not address the statutory right of the Defendants to collect attorneys' fees, and consequently appears to concede this argument. *Bello v. Caterpillar, Inc.*, No. 17-22326-CIV, 2018 WL 2208364, at *1 (S.D. Fla. Apr. 9, 2018)(denying reconsideration on the granting of a motion to dismiss where Plaintiff failed to address arguments in response to a motion to dismiss). Thus, Count 2 must be dismissed with prejudice.

### C. **COUNT 3 AND 4 ARE NOT ADDRESSED IN RESPONSE BY PLAINTIFF.**

In Defendants' Motion to Dismiss, Defendants argued that Counts 3 and 4 must be dismissed, amongst other reasons, because Defendant Triay P.A. is an attorney and therefore cannot make the false representation that he is an attorney. Plaintiff did not address this argument and it should be considered by this court as conceded. *Id.* Thus, Counts 3 and 4 should be dismissed with prejudice.

### D. **PLAINTIFF PROVIDES NO SUPPORT TO REBUT COUNT 5.**

In Defendants' Motion to Dismiss, Defendants argued that Count 5 must be dismissed because 1) there is no actual knowledge because the mere service of a complaint does not impute actual knowledge; 2) the debt referenced in the letter is not the debt of the subject complaint; and 3) the Plaintiff was the one who initiated the communication.

Plaintiff argues that the complaint's service does constitute actual knowledge because "Defendant-Creditor is a party to this lawsuit and has been actively litigating this lawsuit alongside Defendant-DC." Plaintiff's argument here appears to misunderstand Defendants' argument in favor of dismissal. Defendant is arguing that merely being sued for violation of the FDCPA does not suffice to put Defendant on notice that it is being sued *with respect to the debt*. Notably, Defendants cited to case law which supports this proposition, while Plaintiff provides nothing other than his own conclusory arguments.

Next, Plaintiff argues against the argument that it was Plaintiff who initiated and maintained communications with Defendants. Plaintiff asserts various arguments related to the Federal Fair Debt Collection Practices Act. Importantly, Plaintiff's claim under Count 5 is made under Florida's Consumer Collection Practices Act provision. Nevertheless, it is clear under the Federal citations that the exceptions under the Code of Federal Regulations apply since Plaintiff gave his consent, and thus no violation occurred.[1]

Finally, Plaintiff argues that because Plaintiff alleges that Defendants demanded repayment of the entire consumer debt, seemingly defeats Defendants' argument that no violation occurred due to the debt being an entirely different debt than the one which is the primary subject of the Plaintiff's complaints. This argument holds no weight because the exhibit communications clearly indicate that the debt is for a different assessment, and thus contradicts the Plaintiff's allegations. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007). Since the exhibit controls, Count 5 must be dismissed.

---

[1] Plaintiff's assertion that "the most Defendants could have done was respond to the Plaintiff's communication, inquire whether Plaintiff was still represented by an attorney and, then, cease communication with Plaintiff" is without any legal support.

## CONCLUSION

**WHEREFORE,** Defendants, respectfully, requests this Court to enter an order dismissing the Plaintiff's Third Amended Complaint with prejudice, costs and attorneys' fees pursuant to 15 U.S.C. 1692k and Rule 11, and for such other and further relief that this Court deems appropriate under the circumstances.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via the Court's CM/ECF system, and on the unrepresented defendants by U.S. Mail.

>KAREN B. PARKER, P.A.
>Attorneys for Defendants
>Datran One, Suite 514
>9100 South Dadeland Blvd.
>Miami, Florida 33156
>Tel.: (305) 400-9149
>  /s
>KAREN PARKER, ESQ.
>FBN: 54482
>kparker@kbparkerlaw.com
>ebacker@kbparkerlaw.com
>fmartinez@kbparkerlaw.com